## Erie Coal & Coke Co., Appellant, *v.* Deal.

*Practice, Supreme Court—Equity—Appeals—Assignments of error—Defective assignments—Moot question—Dismissal of appeal.*

1. An assignment of error complaining of an order in equity dissolving a preliminary injunction, is defective where it does not set forth the injunction in totidem verbis.

2. An order dissolving.a preliminary injunction issued to re-strain the manager of a corporation from interfering with the management and operation thereof, and requiring him to deliver up the books and papers to the company, will not be reversed where a board of directors friendly to defendant has been adjudi-cated to be the board properly elected, and where all other ques-tions raised by the appeal have become moot.

Argued Jan. 5, 1915.   Appeal, No. 136, Oct. T., 1914, by plaintiffs, from decree of C. P. Butler Co., June T., 1914, No. 2, in equity, refusing an injunction in case of the Erie Coal and Coke Company, a Corporation, and Perry C. Miller, H. L. Miller, Fred Rowe, E. M. Beach-ley, W. N. Moser, C. J. Rowe, and J. C. Reed, Directors of the said Erie Coal and Coke Company v. Levi Deal. Before BROWN, C. J., MESTREZAT, POTTER, ELKIN, STEW-ART, MOSCHZISKER and FRAZER, JJ.   Affirmed.

Bill in equity for an injunction.

Motion to continue preliminary injunction.   Before REIBER, J.

The opinion of the Supreme Court states the facts.

The court dissolved the preliminary injunction. Plaintiffs appealed.

*Error assigned* was the decree of the court.

*J. A. Berkey,* with him *John B. Greer, Thomas H. Greer,* and *C. L. Shaver,* for appellants.

*Chas. F. Uhl,* with him *Chas. H. Ealy, Ross R. Scott, C. W. Walker, A. M. Christley* and *T. C. Campbell,* for ap-pellee.

OPINION BY MR. JUSTICE POTTER, January 18, 1915:

This was a bill in equity filed in the Court of Common Pleas of Butler County by the Erie Coal and Coke Com-pany, a corporation, and seven individuals who are named as directors of the company, against Levi Deal.

It was averred in the bill that the individual complainants were the officers and directors of the company, and that they had been duly elected on August 23, 1913, to serve for the ensuing year; that on September 24, 1913, the board of directors of the company discharged Levi Deal from the position of general manager and appointed two of the directors to take charge of the company's affairs until another general manager should be chosen, and they were instructed to demand from the defendant the surrender of the property and effects of the company in his possession and control. The defendant, however, refused this request. Plaintiffs therefore prayed for an injunction restraining defendant from interfering with them in the management and operation of the business of the company, and requiring him to deliver to them the money, books, papers, contracts and other property and effects of the company, which were in his possession or control. A preliminary injunction was granted, and defendant thereupon filed an answer, in which he averred that the plaintiffs had not been legally elected as directors of the company, and were therefore without power to remove him as general manager. He further averred that since the bill in this case was filed, the stockholders had legally elected a board of directors, who had duly chosen him as president and general manager of the company. The answer further suggested that if plaintiffs claimed to be the legal officers and directors of the company their remedy was by writ of quo warranto and was not in equity. After hearing, the court dissolved the preliminary injunction. Plaintiffs have appealed. The fourth assignment of error, which is to the order dissolving the preliminary injunction, is not complete for the reason that it does not set forth the injunction, which it is contended should have been made permanent; but disregarding this defect, this assignment raises all the questions presented by counsel. These questions have, however, become merely academic by reason of the opinion which

we have just handed down in the case of Deal v. Erie Coal & Coke Company, 248 Pa. 48, affirming the decree of the Court of Common Pleas of Somerset County, the appeal in that case and in this one having been argued together. We there held that the board of directors which was chosen at an election held under the supervision of the court constitutes the board entitled to the control and management of the Erie Coal and Coke Company. A majority of that board now represents the Deal faction of the stockholders, and the appellee in this case is one of them. So that the management of the company being now in the hands of a board friendly to the appellee, the question of the right of the directors to remove the defendant as general manager has become of no practical importance. It is not therefore worth while to consider at any length the moot questions which are raised in the argument of counsel for appellants. The right of the board of directors of a corporation to appoint or remove its employees is not in dispute. The defendant here claimed the right to hold his position by virtue of an appointment from another board of directors, which he averred was the legally constituted board. The validity of the election of the respective claimants to the office of directors was therefore the fundamental question involved. As we have already said, that matter has been determined in the case which we have just decided, from Somerset County.

The board of directors, chosen by the stockholders at the election held under the supervision of the court, is the legal board, and is entitled to the control and management of the company, and to appoint and remove the officers and employees.

The assignments of error are all overruled, and the decree of the court below dismissing the preliminary injunction is affirmed. This appeal is dismissed at the cost of appellants.